UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LINDA DIAMANTE, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 19-cv-60-WES-PAS |
| | : | |
| TOWN OF COVENTRY, et al., | : | |
|     Defendants. | | |

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Before the Court is Plaintiff Linda Diamante's Motion for Appointment of *Pro Bono* Counsel in this case brought pursuant to 42 U.S.C. § 1983. ECF No. 24. Her motion has been referred to me for determination. 28 U.S.C. § 636(b)(1)(A); LR Cv 72(a). For the reasons set forth below, the motion is denied without prejudice.

There is no absolute right to appointed counsel in a civil case. DesRosiers v. Moran, 949 F.2d 15, 23-24 (1st Cir. 1991); Albanese v. Blanchette, C.A. 20-00345-WES, 2021 WL 5111862, at *1 (D.R.I. Nov. 3, 2021). Nevertheless, in the appropriate case, "[t]he [C]ourt may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). In this District, the Court has created a *pro bono* panel of experienced attorneys who have agreed to be considered for appointment; however, this panel is strictly limited to "assist[ing] a *pro se* party of limited financial means," further defined (as to individuals) to be "individuals who have been granted *in forma pauperis* status." United States District Court District of Rhode Island Plan for Pro Bono Representation in Civil Cases ( July 1, 2014), https://www.rid.uscourts.gov/sites/rid/files/documents/cvprobono/Pro%20Bono%20Plan%20Fin

al.pdf (last visited Dec. 22, 2021). That is, indigency established through *in forma pauperis* status is a prerequisite to appointment of a *pro bono* attorney by the Court.

In addition to establishing indigency, a civil litigant seeking the appointment of *pro bono* counsel must also sustain her burden of demonstrating that "exceptional circumstances [are] present such that a denial of counsel [is] likely to result in fundamental unfairness impinging on [her] due process rights." DesRosiers, 949 F.2d at 23. In determining whether exceptional circumstances exist, the Court "must examine the total situation, focusing, *inter alia*, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent [her]self." Id. at 24. In making this determination, the Court may consider the litigant's ability to procure an attorney on her own, as well as, for a case like this one involving a claim that, if meritorious, could result in the recovery of attorney's fees, whether the reason for the difficulty in finding an attorney is because it is "a meritless case that no lawyer would take were the plaintiff not indigent." Stack O/B/O Doe v. Town of Lincoln Hous. Auth., C.A. No. 20-350WES, 2021 WL 1904537, at *2 (D.R.I. May 12, 2021) (internal quotation marks omitted); see Lim v. Westin Hotel, No. 89 C 3078, 1989 WL 44146, at *1 n.3 (N.D. Ill. Apr. 24, 1989) (noting "that the unwillingness of private counsel to take on representation despite" the prospect of attorney's fees under the Age Discrimination In Employment Act "might perhaps be viewed as an indication of the perceived doubtfulness of [plaintiff's] claims"). In exercising its discretion to appoint a *pro bono* attorney, the Court must also be mindful that "volunteer lawyer time is a precious commodity." Lockett v. Derose, Civil No. 3:CV-08-1643, 2009 WL 1917071, at *1 (M.D. Pa. July 1, 2009) (internal quotation marks omitted).

Plaintiff's motion does not attempt to establish any of the prerequisites to appointment of a *pro bono* attorney. She has neither sought nor been granted *in forma pauperis* status, nor has

she presented anything suggesting that she is a person unable to afford counsel or of limited financial means. Further, she has not demonstrated any "exceptional circumstances," either as to the merits or complexity of her claim or as to her inability to litigate it *pro se*. The Court notes that Plaintiff was represented by a law firm (including several attorneys entered on her behalf) at the initiation of this case; therefore, the record suggests that she was then fully capable of finding qualified counsel. Further, this case is one that should be an attractive engagement for an attorney because the prevailing party will recover a reasonable attorney's fee. See 42 U.S.C. § 1988. Thus, far from establishing exceptional circumstances justifying the appointment of *pro bono* counsel, Plaintiff's inability to secure counsel willing to accept the engagement may be an "indication of the perceived doubtfulness of [her] claims." See Lim, 1989 WL 44146, at *1 n.3.

In sum, "[t]o qualify for this scarce resource, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights." Buzon v. Forgue, C.A. No. 19-212WES, 2019 WL 2474123, at *2 (D.R.I. June 13, 2019) (internal quotation marks omitted). Because Plaintiff has failed to establish either of these predicates, her Motion for Appointment of Pro Bono Counsel (ECF No. 24) is DENIED without prejudice.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
December 22, 2021