UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LINDA DIAMANTE, | : | |
|    Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 19-60WES |
| | : | |
| TOWN OF COVENTRY, et al., | : | |
|    Defendants. | : | |

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

  Having been granted *in forma pauperis* ("IFP") status by the Court, Plaintiff Linda Diamante has filed her second motion for appointment of counsel in this case brought pursuant to 42 U.S.C. § 1983. ECF No 28. The motion has been referred to me for determination. 28 U.S.C. § 636(b)(1)(A); LR Cv 72(a).

  The law does not create an absolute right to appointed counsel in a civil case. DesRosiers v. Moran, 949 F.2d 15, 23-24 (1st Cir. 1991); Albanese v. Blanchette, C.A. 20-00345-WES, 2021 WL 5111862, at *1 (D.R.I. Nov. 3, 2021). Further, while IFP status is essential for the Court to consider a motion for court-appointed counsel (and her lack of IFP status was the threshold reason for the denial of Plaintiff's first such motion), it is not sufficient – in addition to establishing indigency, a civil litigant seeking the appointment of *pro bono* counsel must also sustain her burden of demonstrating that "exceptional circumstances [are] present such that a denial of counsel [is] likely to result in fundamental unfairness impinging on [her] due process rights." DesRosiers, 949 F.2d at 23. In determining whether exceptional circumstances exist, the Court "must examine the total situation, focusing, *inter alia*, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent [her]self." Id. at 24. In making this determination, the Court may consider the litigant's ability to procure an attorney on

her own, as well as, for a case like this one involving a claim that, if meritorious, could result in the recovery of attorney's fees, whether the reason for the difficulty in finding an attorney is because it is "a meritless case that no lawyer would take were the plaintiff not indigent." Stack o/b/o Doe v. Town of Lincoln Hous. Auth., C.A. No. 20-350WES, 2021 WL 1904537, at *2 (D.R.I. May 12, 2021) (internal citation and quotation marks omitted); see Lim v. Westin Hotel, No. 89 C 3078, 1989 WL 44146, at *1 n.3 (N.D. Ill. Apr. 24, 1989) (noting "that the unwillingness of private counsel to take on representation despite" the prospect of attorney's fees "might perhaps be viewed as an indication of the perceived doubtfulness of [plaintiff's] claims"). In exercising its discretion to appoint a *pro bono* attorney, the Court must also be mindful that "volunteer lawyer time is a precious commodity." Lockett v. Derose, Civil No. 3:CV-08-1643, 2009 WL 1917071, at *1 (M.D. Pa. July 1, 2009) (internal quotation marks omitted).

Plaintiff's new motion heightens the Court's concern that her inability to secure counsel willing to accept the engagement may be an "indication of the perceived doubtfulness of [her] claims." See Lim, 1989 WL 44146, at *1 n.3. As the Court noted in its first decision, her case is based on 42 U.S.C. § 1983, which provides for an award of attorneys' fees to a prevailing claimant. This case was initially filed by a law firm of good reputation (including several attorneys who entered on her behalf), which remained as counsel of record for over two years; the law firm did not move to withdraw until after six extensions of the pretrial schedule. Plaintiff now represents that this law firm was originally engaged on a contingency fee basis and that it withdrew only after asking for a substantial retainer, which she could not afford to pay. ECF No. 28. Plaintiff also represents that another well-qualified attorney advised that he could make "no guarantee" and declined to accept the case unless a significant retainer was paid. Id. Further, the Court's review of the public record reveals that Plaintiff has been involved in an array of

lawsuits in the Superior Court, in at least two of which she is presently represented by two different attorneys. Taken together, these facts strongly suggest that this is a circumstance as in Lim, where "the unwillingness of private counsel to take on representation despite" the prospect of attorney's fees "might perhaps be viewed as an indication of the perceived doubtfulness of [the plaintiff's] claims." 1989 WL 44146, at *1 n.3.

Otherwise, Plaintiff has presented nothing to suggest that her case has merit sufficient to justify a finding of exceptional circumstances or that the denial of counsel will result in fundamental unfairness impinging on her due process rights. Buzon v. Forgue, C.A. No. 19-212WES, 2019 WL 2474123, at *2 (D.R.I. June 13, 2019). Nor has she demonstrated that this case is unusually complex. The Court's independent review of the pleadings, as amplified by the representations of the parties during the Rule 16 conference, confirms that, factually, the case appears to be relatively straightforward.

Based on the foregoing, Plaintiff's second motion for appointment of counsel (ECF No. 28) is DENIED without prejudice.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
May 27, 2022